UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daryl Bocook,                                              Case No. 3:16-cv-2291

          Plaintiff

     v.                                                   MEMORANDUM OPINION

Gary Mohr, et al.,

          Defendants

This matter is before me on Defendants' motion to dismiss pro se Plaintiff Daryl Bocook's complaint for failure to state a claim. (Doc. No. 11). Bocook responded and filed a supplement to his response. (Doc. Nos. 15 & 16). Defendants replied. (Doc. No. 18).

Also before me are Bocook's motion for leave to file an amended complaint (Doc. No. 24), motion to amend his complaint (Doc. No. 27), motion to dismiss Defendants' opposition (Doc. No. 28), and motion for leave to file supplemental pleadings (Doc. No. 39). These motions have all been briefed. (Doc. Nos. 25 & 41).

### BACKGROUND

Bocook, a prisoner in a state correctional facility, filed a complaint in this court pursuant to 42 U.S.C. § 1983, alleging his due process rights were violated. (Doc. No. 1). Bocook alleges that he was eligible for a decrease in his security status from level 4a to 3a but was denied a decrease. (*Id.* at 3-4). Bocook alleges he "has a right to be released from a maximum security status" if he meets the requirements for such reduction. (*Id.* at 4). Denying Bocook this decrease in security status precludes him from seeking parole. (*Id.*). Bocook filed suit claiming this denial of reclassification was a violation of his Fourteenth Amendment due process rights.

Following the filing of his complaint, an investigation was conducted in part by Defendant Brian Whritpp[1], which concluded that Bocook was a leader of a Security Threat Group. (Doc. Nos. 24, 27, & 39). This classification resulted in transfers to the Ohio State Penitentiary and to a facility in Virginia. (*Id.*). Bocook then moved to amend his complaint and supplement pleadings to add claims alleging the transfers were taken in retaliation for his filing suit.

## STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But pro se complaints are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Federal Civil Rule 15(a)(2) provides that beyond the time for amending a complaint as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The decision to grant or deny a motion to amend is within the court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). But a court need not grant leave to amend where the amendment would be futile. *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005). Futility exists where the proposed amendment would not allow the complaint to survive a motion to dismiss. *Id.*

---

[1] While the docket bears the name Brian Whritpp, Bocook repeatedly refers to a Brian Wittrup in his pleadings. I assume a typographical error was made at the outset, but to remain consistent with the docket, I will refer to this defendant as Brian Whritpp.

2

**DISCUSSION**

Bocook filed his original complaint alleging that his rights were violated by Defendants when they denied him a decrease in his security status, despite that he has met the criteria for a decrease. (Doc. No. 1 at 4). Defendants moved to dismiss Bocook's complaint under Rule 12(b)(6). (Doc. No. 11). Bocook opposed the motion. (Doc. Nos. 15 & 16). He then filed a memorandum seeking permission to file an amended complaint (Doc. No. 27) and a motion for leave to file supplemental pleadings, which I read as a motion to amend his complaint (Doc. No. 39). In these motions to amend, Bocook seeks to add claims that he has been subjected to retaliation for exercising his First Amendment rights. (Doc. Nos. 27 and 39).

Defendants oppose Bocook's motions to amend, arguing any amendments would be futile. (Doc. No. 25). Bocook then filed a motion asking me to dismiss Defendants' opposition to his motion to amend. (Doc. No. 28).

As an initial matter, I deny Bocook's motion to dismiss Defendants' opposition. (Doc. No. 28). First, Bocook cites no law and no actionable reason supporting his argument that Defendants' opposition be dismissed. Second, Defendants, like Bocook, have the right to fully participate in this case and to respond to motions filed. As such, I see no reason to strike Defendants' opposition.

Next, I address Defendants' motion to dismiss and Bocook's motions to amend, taking his original claim and his proposed claims in turn.

**Security Status**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Generally, a liberty interest arises from the Constitution itself, but a state law or policy may create a protected liberty interest when the regulation guarantees the prisoner "freedom from restraint which… imposes

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995).

Bocook asserts that by refusing to reclassify him from a Level 4a to a Level 3a security status, Defendants are denying him the opportunity to "reside close to his mother and father" and receive a parole hearing. (*Id.* at 4). But neither reclassification nor parole itself are liberty interests protected by the due process clause.

First, "an increase in security classification … does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (quotation omitted); *see also Nunez v. FCI Elkton*, 32 F. App'x 724, 725 (6th Cir. 2002). Second, the Sixth Circuit has repeatedly held that the "eligibility or non-eligibility for parole" does not implicate a liberty interest. *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007) (quoting *Swihart v. Wilkinson*, 209 F. App'x 456, 458-59 (6th Cir. 2006)). In fact, [t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). As such, because Bocook has failed to establish that he was deprived of a protected liberty interest, his claim must be dismissed as a matter of law.

**First Amendment Retaliation**

"To state a claim for relief under § 1983 for a First Amendment retaliation claim, a plaintiff must show that: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

Here, Bocook alleges that after he filed his complaint in this court, Defendants retaliated by issuing a false conduct report which resulted in his transfer to both the Ohio State Penitentiary and a facility in Virginia.[2] The protected conduct at issue here is Bocook's right to file suit. The adverse action is the out-of-state transfer and the transfer to OSP, a "supermax" facility. The only inquiry remaining is whether causation exists.

The third element of causation will be established only if Bocook is able to show "(1) that the adverse action was proximately caused by an individual defendant's acts, *Siggers–El v. Barlow,* 412 F.3d 693, 702 (6th Cir.2005), [and] (2) that the individual taking those acts was 'motivated in substantial part by a desire to punish an individual for exercise of a constitutional right.' *Thaddeus–X,* 175 F.3d at 386." *King,* 680 F.3d at 695. With respect to the first prong, Bocook discusses the actions of Defendant Whritpp at length, but makes no mention of Defendants Mohr or Coleman. As such, because Bocook fails to allege facts to show the actions of Defendants Mohr or Coleman proximately caused his transfer, the claim would not survive a motion to dismiss and an amendment would be futile.

With respect to Defendant Whritpp, Bocook alleges that after he filed suit naming Whritpp as a defendant in September 2016, an investigation began that concluded Bocook was a "functional leader of the Security Threat Group Aryan Brotherhood" in December 2016. (Doc. No. 27-5 at 2).

---

[2] Bocook characterizes the claim regarding the Virginia transfer as one of interference with access to the courts or violation of procedural due process. (Doc. No. 29-1 at 6). But one of the cases cited characterizes a nearly identical claim as a First Amendment retaliation claim. *See Garland v. Polley,* 594 F.2d 1220, 1223 (8th Cir. 1979). Additionally, he fails to claim any "actual injury" resulting from the transfer which would give rise to a claim of interference with access to the court. *See Harbin-Bey,* 420 F.3d at 578 ("In order to state a claim for interference with access to the courts, however, a plaintiff must show actual injury. …Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline.") (internal citations omitted). Further, with respect to due process, Bocook does not claim any "atypical and significant hardship…in relation to ordinary prison life" experienced as a result of Defendants' alleged failure to adhere to the policies of interstate transfer. In fact, he states his security level was decreased following the transfer to Virginia. (Doc. No. 39-1 at 6). Accordingly, I conclude these facts will be interpreted as an attempt to state a First Amendment retaliation claim.

This classification resulted in a recommendation for security level 5 placement in March 2017; the paperwork recommending such placement bears Brian Whritpp's "signature." (*Id.*). At this stage in the litigation, these allegations sufficiently establish the first prong as Bocook was transferred following Whritpp's recommendation. Further, because the Sixth Circuit has "previously considered the temporal proximity between protected conduct and retaliatory acts as creating an inference of retaliatory motive," *King*, 680 F.3d at 695, the recommendation just six months after the filing plausibly alleges motive. Therefore, I conclude that Bocook's allegations, taken as true, state a claim of First Amendment retaliation against Defendant Whritpp sufficient to survive a motion to dismiss. Because the amendment would not be futile, I grant Bocook leave to amend with respect to his First Amendment retaliation claim against Defendant Whritpp alone.

## CONCLUSION

Accordingly, I deny Bocook's motion to dismiss Defendants' opposition to his motion to amend. (Doc. No. 28). Defendants' motion to dismiss is granted, dismissing the claim regarding security status presented in the initial complaint. (Doc. No. 11). But I grant Bocook's motions to amend, in part, permitting a single claim of First Amendment retaliation against Defendant Whritpp; amendment as to the remaining First Amendment retaliation claims alleged is denied as it would be futile. (Doc. Nos. 24, 27, & 39). Therefore, Defendants Mohr and Coleman are dismissed as parties to this case.

Additionally, Bocook's motion for the appointment of counsel is granted. (Doc. No. 36). All other pending motions are denied without prejudice.[3] Pending appointment of and consultation with counsel, Bocook may renew the request for preliminary injunctive relief if such a motion is

---

[3] Specifically, the motion to strike filed by Defendants is denied (Doc. No. 30), in addition to the following motions filed by Bocook: (1) motion for preliminary injunction (Doc. No. 17); (2) motion for assistance of fellow inmate (Doc. No. 20); (3) motion for release of record (Doc. No. 26); (4) motion for admission (Doc. No. 29); (5) motion for injunctive relief (Doc. No. 31); (6) motion for transfer of records (Doc. No. 37); (7) motion to alter/amend judgment (Doc. No. 42); (8) motion for injunction (Doc. No. 44); and (9) motion for injunction (Doc. No. 45).

appropriate in light of this ruling and the current circumstances. Unless and until I issue an order to the contrary, no further pleadings or motions will be accepted in this case without prior leave by the court.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge